IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ERNEST L. WOFFORD                                                                                PLAINTIFF

vs.                                          Civil No. 4:12-cv-04124

CAROLYN W. COLVIN                                                                              DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Ernest L. Wofford ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff filed his disability application on July 28, 2009.  (Tr. 24, 132).  In his application, Plaintiff claims to be disabled due to the following:

> Seizure Disorder, Arrhythmia pace Maker & Defibrillator, Asthma, R Foot Reconstructive Surgery post 5 breaks, L Foot post 4 breaks Clmt went to the doctor, and was diagnosed with a seizure disorder.  Clmt would just black out and not remember that it would happen.  Clmt suffers from repeated breaks in his feet. Clmt's pace maker has gone off 4 times since placement..  Seizure disorder arrhythmia asthma r and l foot breaks.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

(Tr. 168). Plaintiff alleges these impairments result in the following limitations:

> Clmt has trouble walking after 15 mins, then stops and rests. Clmt is not able to lift more than 15 lbs. Clmt suffers from some memory loss and concentration from pain. Clmt has shortness of breath from exertion. Clmt has pain in his legs feet, stomach, and severe migraine weekly. Clmt is very tired during the day, and has to take 3 naps a day.

*Id.* Plaintiff alleges an onset date of April 11, 2008. (Tr. 24, 132). This application was denied initially and again upon reconsideration. (Tr. 75-76). Thereafter, on November 16, 2009, Plaintiff requested an administrative hearing on this application, and this hearing request was granted. (Tr. 93-100).

Plaintiff's administrative hearing was held on Feburary 14, 2011 in Texarkana, Arkansas. (Tr. 44-74). Plaintiff was present at this hearing and was represented by counsel. *Id.* Plaintiff and Vocational Expert ("VE") Ms. Brooks[2] testified at this hearing. *Id.* As of the date of this hearing, Plaintiff was forty-eight (48) years old,which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 47).

On November 3, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 21-37). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2012. (Tr. 26, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 11, 2008, his alleged onset date. (Tr. 26, Finding 2). The ALJ determined Plaintiff had the following severe impairments: cardiac dysrhythmia, epilepsy, and asthma. (Tr. 26-27, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 27, Finding 4).

---

[2] The full name of "Ms. Brooks" is not included in the hearing transcript. (Tr. 44).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 27-35, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> I find that the claimant has the physical residual functional capacity to perform medium work (lift/carry 50 pounds occasionally and 25 pounds frequently). The claimant can sit, stand, and/or walk for about 6 hours in an 8-hour workday. Claimant has not limited [no limitation] the in [in the] pushing and/or pulling with his upper and lower extremities. Claimant must avoid hazards, such as dangerous moving machinery, driving, and unprotected heights. He can climb ramps and stairs, but not ladders, ropes, or scaffolds. He can occasionally balance. Claimant has no manipulative, visual, or communicative limitations.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 35, Finding 6). The VE testified at the administrative hearing regarding Plaintiff's PRW. *Id.* Based upon that testimony, the ALJ determined Plaintiff did not retain the capacity to perform any of his PRW. *Id.* The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 35-36, Finding 9). The VE also testified regarding this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following representative occupations:

1. Dining room attendant (medium, unskilled) with 40,000 such jobs in the national economy and 3,300 such jobs in the regional economy;

2. Laundry worker (medium, unskilled) with 72,000 such jobs in the national economy and 6,300 such jobs in the regional economy; and

3. Hand packager (medium, unskilled) with 161,600 such jobs in the national economy and 9,400 such jobs in the regional economy.

(Tr. 36). Because Plaintiff retained the capacity to perform this other work, the ALJ determined

3

Plaintiff had not been under a disability as defined in the Act before or after April 11, 2008, his application date. (Tr. 36, Finding 10).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. On August 6, 2012, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On October 17, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on November 7, 2012. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 12-13. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one

4

year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff claims the ALJ's decision is not supported by substantial evidence in the record. ECF No. 12. Specifically, Plaintiff claims the following: (1) the ALJ

5

improperly considered the Listings; (2) the ALJ erred in assessing his RFC; (3) the ALJ did not give proper consideration to his chronic pain; and (4) the ALJ erred in discounting the opinions of his treating physicians. *Id.* Because the ALJ improperly evaluated Plaintiff's subjective complaints, the Court will only address his third argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ entirely disregarded *Polaski*. (Tr. 27-35). Instead, the ALJ stated the *Polaski* factors and recognized he should consider those factors. (Tr. 31-32). Then, the ALJ provided a long series of what appeared to be "canned" paragraphs, not addressing the specific facts of this claim, stating he had complied with the applicable standards and finally stated the following:

> After reviewing, considering, evaluating, analyzing, and weighing all of the evidence of record, I find that the claimant's medically determinable impairments could produce the alleged symptoms, but the *claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are neither entirely credible, consistent with, nor supported by the preponderance of the medical and other evidence.*

(Tr. 31) (emphasis added). This was entirely inappropriate and improper under *Polaski*. The *Polaski* factors should be considered so that the ALJ does not discount the claimant's subjective complaints based upon the medical records alone.[4] *See Polaski,* 739 F.2d at 1322 (holding "[t]he adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them"). Accordingly, this case must be reversed and remanded for further

---

[4] Indeed, although the ALJ stated there was "other evidence" inconsistent with Plaintiff's subjective complaints, the ALJ did not elaborate on this finding. (Tr. 31). Instead, he provided paragraph after paragraph of the law with no application to the facts in this case. (Tr. 27-35).

consideration of Plaintiff's subjective complaints in accordance with *Polaski*.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[5]  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 10th day of January 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[5] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.